In the Matter of Jeffrey T. BENSON, Nanette Benson, Debtors.

U.S.A. for VETERANS ADMINISTRATION, Plaintiff,

v.

Jeffrey T. BENSON, Nanette Benson, Defendants.

Bankruptcy No. 87–17.
Motion No. 87–30.

United States Bankruptcy Court, D. Delaware.

Aug. 10, 1987.

Charlene D. Davis, Asst. U.S. Atty., Wilmington, Del., for Veterans Admin.

Benjamin F. Shaw, III, Georgetown, Del., for debtors.

Michael B. Joseph, Wilmington, Del., Chapter 13 Trustee.

Jeremy W. Homer, Dover, Del., Chapter 7 Trustee.

MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

The United States on behalf of the Veterans Administration (V.A.) has moved for relief from the automatic stay and abandonment of the real estate securing the obligation owed to it by the debtors Jeffrey and Nanette Benson (Bensons). The V.A. also has filed an objection to confirmation of the debtors' plan. Because the basis of the V.A.'s motion and its objection is the same, and counsel has so requested, the court will address the merits of both pleadings jointly.

The Bensons filed bankruptcy under Chapter 7 on January 16, 1987. They listed the V.A. in their petition as a secured creditor in the amount of $30,000. On March 10, the V.A. filed a proof of claim with the court showing that, as of the date of the petition, the debtors owed the V.A. $31,-641.28 on a real estate installment contract and that $5,040.21 was due in arrearage. It is undisputed that at the time of filing of

the debtors' petition, the contract remained executory. The Bensons then converted their bankruptcy case to a case under Chapter 13 on April 28, 1987. Under their plan, the debtors proposed to make current mortgage payments directly to the V.A. and have the trustee pay to the V.A. $180 per month for 42 months (Doc. # 15).

At the time of conversion of the Bensons' case to a Chapter 13, more than 60 days had elapsed since the debtors filed under Chapter 7 and an order for relief was entered. It is undisputed that during that initial period of 60 days the Chapter 7 trustee did not assume or reject the executory contract between the debtors and the V.A. These two facts form the basis of the V.A.'s motion and objection.

The V.A. argues that because the Chapter 7 trustee failed to assume or reject the executory contract within 60 days following the order for relief, the contract is deemed rejected pursuant to 11 U.S.C. § 365(d)(1). The V.A. alleges further that since the contract is deemed rejected, it cannot then be treated under the debtors' Chapter 13 plan.

Section 365(d)(1) of the Code provides that if a trustee in a Chapter 7 case does not assume or reject an executory contract of residential real property within 60 days after the order of relief, the contract is deemed rejected. The time for assuming or rejecting contracts may be extended by the court for cause under § 365(d)(1), but such request must be made during the initial 60–day period. 11 U.S.C. § 365(d)(1). Because the Chapter 7 trustee in this case did not assume or reject the contract within the mandatory time period or seek an extension, the contract is deemed rejected.

Debtors' counsel argues that a lack of communication existed between him and his clients which led to a mistaken belief that the V.A. had been paid. He also alleges that the Chapter 7 trustee was unaware of the executory contract within the 60–day period, and that counsel for the V.A. acted "underhandedly" in filing its proof of claim one week before the bar date and then not serving a copy of the proof of claim upon him or the trustee. Because of these "problems", debtors' counsel submits that a strict construction of § 365 would be grossly unfair.

Debtors have the responsibility of providing information to their attorney and responding to his inquiries, but it is equally incumbent upon the attorney to initially obtain information from the debtors not only to adequately file a bankruptcy petition but also to have full knowledge of the bankruptcy estate. It is the debtors' responsibility to file a statement of executory contracts. BR 1007(b).

With regard to counsel's act of filing V.A.'s proof of claim, Bankruptcy Rule 3002(c) provides that in a Chapter 7, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code unless an extension is granted under a subsequent subparagraph of that section. There is no requirement that a proof of claim be filed at any particular time within that 90 days. In addition, the Bankruptcy Rules do not require service of a proof of claim on a Chapter 7 trustee or on the debtor.

It has been held under § 70(b) of the Bankruptcy Act, from which § 365 has its origin, that a trustee has an affirmative duty to investigate whether there are unscheduled executory contracts, and a failure to discover the existence of such recorded interests in property does not exempt such contracts from the statutory presumption of rejection by the trustee's nonaction within the 60–day period. *See Cheadle v. Appleatchee Riders Ass'n,* 757 F.2d 1035 (9th Cir.1985), *reh'g denied, cert. denied,* 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985).

■ Debtors, in making their "grossly unfair" argument, overlook the language of § 365(d)(1). The court has no discretion with respect to enlarging the 60–day time period if a request for extension is not made within that period. The contract is rejected by operation of law and cannot be revived for either the benefit of the estate or a debtor in bankruptcy.

With regard to the debtors' Chapter 13 plan, § 1322(b)(7) of the Code, which governs content of Chapter 13 plans, provides:

Subject to Section 365 of this title, [a plan may] provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor *not previously rejected under such sections* (Emphasis added).

The language of the statute is clear that once an executory contract is rejected, the contract cannot be treated within a Chapter 13 plan. Since the real estate contract in this case has been deemed rejected under Chapter 7, debtors cannot treat it within their Chapter 13 plan.

Counsel for the V.A. amended its objection in open court to add feasibility as an additional reason why it believes the debtors' plan is nonconfirmable. Because this court has concluded that the executory contract cannot be treated under the debtors' plan as has been proposed, it would be inappropriate for the court to consider the feasibility issue.

An order in accordance with this Memorandum Opinion is attached.

## ORDER

AND NOW, August 10, 1987, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The motion of the United States on behalf of the Veterans Administration for relief from the automatic stay and abandonment of the real estate is granted.
2. The objection to confirmation of debtors' Chapter 13 plan is sustained and confirmation is denied.
3. Debtors may file an amended plan on or before September 21, 1987.
4. In the event debtors do not comply with paragraph 3, *supra,* a dismissal of the case will be entered September 22, 1987.